UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANDREW KITCHEN,	Case No. 23-13075
          Plaintiff,
v.	Mark A. Goldsmith
	United States District Judge
KAREN MCDONALD, *et al.*,
          Defendants.	Curtis Ivy, Jr.
_____/	United States Magistrate Judge

**ORDER GRANTING MOTION TO WITHDRAW MOTION (ECF No. 21), WITHDRAWING MOTION AT ECF No. 18, and DENYING MOTION TO TRANSFER (ECF No. 20)**

Before the Court are three motions Plaintiff filed during March 2024.

On March 13, 2024, Plaintiff moved for an order directing the Clerk's Office to provide subpoena forms. (ECF No. 18). Since that motion, Plaintiff received the subpoena forms from the Clerk's Office, so he moved to withdraw his motion. (ECF No. 21). The motion to withdraw is **GRANTED**, the motion at ECF No. 18 is **WITHDRAWN**.

Plaintiff also moved to transfer this case from District Judge Mark A. Goldsmith to District Judge Laurie J. Michelson because Judge Michelson was the assigned district judge in a 2018 case challenging his sentence and parole. (ECF No. 20; *see* Case No. 18-11430). Plaintiff asserts that the case should be transferred because Judge Michelson is familiar with the facts here.

This motion is **DENIED**. A judge's familiarity with the facts of a case is not grounds to transfer the case to that judge. To the extent that Plaintiff requests that this case be considered to a companion to his 2018, that request is denied. Under this Court's Local Rules, "Companion cases are cases in which it appears that: (i) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present and the cases arise out of the same transaction or occurrence[.] . . ." E.D. Mich. Local Rule 83.11(b)(7). This case is not a companion to the 2018 case because here he alleges that corrections officers retaliated against him over statements made in the 2018 case and devised a plan to falsely accuse him of putting a hit on another inmate. These facts and the evidence needed to prove them are not substantially similar to his case challenging his sentence and parole, so it is not a companion to the older case.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 26, 2024                    s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 26, 2024.

                                        s/Kristen MacKay for Sara Krause
                                        Case Manager
                                        (810) 341-7850