UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANDREW KITCHEN,                    Case No. 23-13075
                          Plaintiff,
v.                                         Mark A. Goldsmith
                                           United States District Judge
KAREN MCDONALD, *et al.*,
                          Defendants.      Curtis Ivy, Jr.
_____/           United States Magistrate Judge

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**
**(ECF No. 29)**

This matter is before the Court on Plaintiff's motion to amend his complaint.
(ECF No. 29).  The Oakland County Defendants (Ruddy, McDonald, and Day) and
Michigan Department of Corrections ("MDOC") Defendants (Casillas and
Heinritz) oppose the motion.  (ECF Nos. 31, 34).  Plaintiff seeks to add civil
conspiracy and substantive due process claims to his allegations.  Both sets of
Defendants argue that amendment would be futile for the same reasons raised in
their motions to dismiss.  (*See* ECF Nos. 14, 36).

Plaintiff alleges that between May 2018 and May 2022, Oakland County
Defendants contacted MDOC Defendants seeking "dirt" on Plaintiff.  (ECF No.
29, PageID.381, ¶ 10).  Because there was no "dirt," all five Defendants "and/or
the other employees of [Oakland County] and MDOC" fabricated a Special
Problem Offender Notice ("SPON"), or they benefited from the SPON.  This

SPON accused Plaintiff of putting out a hit on another prisoner, Mitchell.  (*Id.* at ¶ 11).  Oakland County Defendants falsely stated that Plaintiff was transferred to a higher-level prison because of the hit.  (*Id.* at PageID.381-82, ¶ 13).  The SPON and false accusation about being transferred to a higher-level security prison were used in a brief in response to Plaintiff's challenge to his sentence in state court.

Plaintiff alleges that MDOC Defendants created the SPON because Plaintiff failed to protect Mitchell, a white prisoner, from "racial controversy."  (*Id.* at PageID.382, ¶ 16).  Mitchell is a white supremacist; Plaintiff had no duty to protect him.  Plaintiff says that black prisoners are often expected to protect white prisoners, and failure to do so can result in backlash from the white prisoners.  (*Id.* at PageID.383).

Plaintiff asserts that the Oakland County Defendants were aware of his claims against the sentencing judge for racial bias and of his lawsuit against then-Governor Rick Snyder and MDOC Director Washington.  Oakland County Defendants were allegedly angry about Plaintiff's claims, so they joined the plot to retaliate against Plaintiff because of his race, his conviction for inappropriately touching a white woman, and his comments about the sentencing judge.  (*Id.* at PageID.386, ¶ 36).  They used the SPON in the response specifically to manipulate the judge to issue an adverse decision against Plaintiff.  (*Id.* at PageID.387, ¶ 43).

Leave to amend the complaint should be freely given "when justice so

requires." Fed. R. Civ. P. 15(a)(2). That said, leave may be denied where an amendment would be futile. *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017). "'A proposed amendment is futile if the amendment could not withstand a [Fed. R. Civ. P.] 12(b)(6) motion to dismiss.'" *Id*. (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

A.   Oakland County Defendants

Oakland County Defendants rely on their assertion of prosecutorial immunity from their motion to dismiss to challenge Plaintiff's motion to amend his complaint. They assert that amendment would be futile as to them because they are absolutely immune from suit on his claims.

The Court agrees with Defendants. Addition of conspiracy and substantive due process claims to the unchanged factual background would be futile against Oakland County Defendants. As explained in the report and recommendation, prosecutors are entitled to absolute immunity on claims for monetary damages

3

under § 1983 for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Courts "looks to 'the nature of the function performed, not the identity of the actor who performed it.'" *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). Acts taken in the prosecutor's function as advocate for the state are absolutely immune from suit. "[T]he preliminary gathering of evidence that may ripen into a prosecution, [however,] are too attenuated to the judicial process to afford absolute protection." *Buchanan v. Metz*, 6 F. Supp. 3d 730, 741 (E.D. Mich. 2014). A prosecutor acting in a prosecutorial capacity is protected "even for egregious conduct such as 'the knowing use of false testimony and the suppression of material evidence at [a] criminal trial.'" *Id.* at 739 (quoting *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003)).

Plaintiff alleges that Oakland County Defendants conspired with MDOC Defendants to retaliate against him for accusing the sentencing judge of racial bias, for assaulting a white woman, and for challenging his sentence in post-conviction proceedings. To do this, the Defendants allegedly worked together so that MDOC Defendants would issue a SPON that falsely said he put a hit out on another prisoner (prisoner Mitchell) and Mitchell threatened to retaliate against him. Oakland County Defendants used the SPON in a brief in response to Plaintiff's

4

sentencing challenge to show that Plaintiff's prior bad behavior was not because of a youthful propensity to act unlawfully because he continues to act unlawfully as an adult in prison.

As explained in the report and recommendation, even if Oakland County Defendants talked to MDOC officials to find harmful information on Plaintiff and used false information in that response brief, these allegations evidence acts taken in the judicial phase of criminal proceedings, here, the post-conviction phase. These acts are absolutely immune from suit.  So leave to amend the complaint against Oakland County Defendants would be futile.

B.    MDOC Defendants

MDOC Defendants argue that leave to amend should not be granted because Plaintiff offers only conclusory allegations just like his original complaint.  They contend that Plaintiff did not allege their personal involvement and he groups defendants together in his factual statements, making it difficult to decipher which defendant is alleged to have taken specific action.  Finally, they assert that Plaintiff's allegation that they are retaliating against him for his arguments in state court, for assaulting a white woman, and for other litigation are unsupported and implausible.  (ECF No. 34).  Beyond these contentions, MDOC Defendants did not raise arguments on each claim separately.

As explained in the report and recommendation filed concurrently, courts are required to screen a prisoner's civil rights complaint and dismiss any claims on which relief cannot be granted.  42 U.S.C. § 1997e.  So the Court will consider Defendants' arguments and screen the remaining claims where necessary.

Plaintiff's proposed allegations suffer the same deficiencies as the original complaint—the allegations are conclusory without supporting factual development. Plaintiff insists MDOC Defendants worked together to create the SPON in retaliation, and worked with Oakland County Defendants to disseminate the SPON.  Plaintiff does not allege that he ever had contact with any of the Defendants to know that Casillas and Heinritz had a plan to create and file the SPON in retaliation or that all five defendants worked together to harm him; he does not detail how he discovered the alleged conspiracy nor describe any overheard conversations between the defendants that support the allegations.  *See Lewis v. Greason*, 2023 WL 2949998, at *13-14 (E.D. Mich. Feb. 15, 2023) (citing *Quigley v. Abel*, 2020 WL 6390163, at *6 (S.D. Ohio Nov. 2, 2020)).  Conspiracy claims must be pled with some degree of specificity; vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).  Plaintiff's assumptions or suspicions are insufficient to state a viable claim to relief.

Defendants' view of the retaliation claim is slightly off.  In the proposed amended complaint, Plaintiff alleges that they retaliated against him because of his race and because he failed to protect Mitchell, not for his litigation.  (ECF No. 29, PageID.391, ¶ 57).  The First Amendment prohibits retaliation against a person exercising their right to seek redress of grievances from the government.  It does not protect against retaliation based on race or for failing to protect an inmate.  *See, e.g.*, *Thaddeus-X*, 175 F.3d at 390-91 (recognizing that only speech related to a prisoner's right to access the courts or speech seeking redress of grievances amounts to protected conduct).  The retaliation claim is futile.

Plaintiff asserts that the Defendants violated the Equal Protection clause of the Fourteenth Amendment because they targeted him based on his race.  A plaintiff alleging a violation of his right to equal protection must be similarly situated to those individuals with whom he compares himself in all relevant respects.  *Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 460 (6th Cir. 2011) (providing that "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or [the defendant's] treatment of them for it'") (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)).  Like the original complaint, Plaintiff did not allege that he was treated differently

from similarly situated prisoners in the proposed amended complaint. *See Nali v. Ekman*, 355 F. App'x 909, 913 (6th Cir. 2009) (stating that a claim for race discrimination in prison discipline must be supported by allegations "that the people not disciplined were similarly situated and of a different race" to state an equal protection claim). Amendment would be futile.

Plaintiff seeks to add a substantive due process claim against MDOC Defendants because accusing him of plotting to murder another prisoner "is shocking to the conscience because it was done solely to injure Kitchen without any justifiable governmental interest." (ECF No. 29, PageID.391, ¶ 59). That said, Plaintiff alleged no injury flowing from the accusation in the SPON, except the implication that the challenge to his criminal sentence did not succeed.

The Fourteenth Amendment protects against arbitrary and capricious government action "'that shocks the conscience' and violates the 'decencies of civilized conduct.'" *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998) (quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952)). The Supreme Court warned that "the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." *Id.* at 847. So the Court must be careful not to constitutionalize an ordinary tort.

Plaintiff accuses the Defendants of intending to injure him, yet he did not explain an actual or potential injury. Filing an allegedly false notice in a prisoner's

8

record that states that the prisoner put a hit on another prisoner, without more, is not conduct that shocks the conscience.

If the Court dismisses all the federal claims (the claims over which the Court has original jurisdiction), then the Court likely would decline supplemental jurisdiction over the state-law claims.  *See Sharwell v. Selva*, 4 F. App'x 226, 227 (6th Cir. 2001).

Because none of the claims in the proposed amendment complaint would withstand a motion to dismiss, leave to amend is **DENIED**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: July 22, 2024                    s/Curtis Ivy, Jr.
                                       Curtis Ivy, Jr.
                                       United States Magistrate Judge

**CERTIFICATE OF SERVICE**

9

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on July 22, 2024.

s/Sara Krause
Case Manager
(810) 341-7850