UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANDREW KITCHEN,

           Plaintiff,                          Case No. 23-cv-13075

v.                                           HON. MARK A. GOLDSMITH

KAREN D. MCDONALD et al.,

           Defendants.
_____/

**OPINION & ORDER
(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Dkt. 39) AND (2) GRANTING DEFENDANTS' MOTIONS TO DISMISS (Dkts. 14, 36)**

The matter before the Court is the Report and Recommendation (R&R) of Magistrate Judge Curtis Ivy, Jr., issued on July 22, 2024 (Dkt. 39). In the R&R, the magistrate judge recommends that the Court grant the motion to dismiss filed by Defendants Karen McDonald, Marilyn Day, and Rae Ann Ruddy (the Oakland County Defendants) (Dkt. 14) and the motion to dismiss filed by Defendants Deborah Casillas and Laura Heinritz (the Michigan Department of Corrections (MDOC) Defendants) (Dkt. 36). Plaintiff Michael Andrew Kitchen filed a timely objection to the R&R (Dkt. 42). The MDOC Defendants filed a response (Dkt. 45); the Oakland County Defendants did not.[1] For the reasons that follow, the Court (i) adopts the R&R and (ii) grants both motions to dismiss (Dkts. 14, 36).[2]

---

[1] Kitchen also submitted a reply in support of his objection (Dkt. 47). Neither the Local Rules nor the Federal Rules of Civil Procedure provide a right to file a reply in support of objections to an R&R, see Shophar v. Gyllenborg, No. 17-cv-13900, 2018 WL 4442270, at *3 (E.D. Mich. Sept. 18, 2018), so the Court will not consider it.

[2] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

1

## I. BACKGROUND

The full relevant factual background is set forth in the magistrate judge's R&R. See R&R at 1–3. Kitchen is currently a prisoner at the Thumb Correctional Facility in Whitmore Lake, Michigan. Compl. at PageID.4 (Dkt. 1). He brings claims against the MDOC Defendants and the Oakland County Defendants, alleging that they worked together to "smear his character" between May 2018 and May 2022 in retaliation for a number of actions Kitchen has taken, including: filing an separate civil rights lawsuit; challenging his criminal sentence; making allegations of racial bias against a judge; and refusing to help James Mitchell—a "known white supremacist" and fellow prisoner—when Mitchell approached Kitchen for help in an expected prison fight. R&R at 2 (citing Compl. at PageID.6).

Kitchen alleges that Defendants worked together to fabricate accusations and documents that falsely accused Kitchen of "putting a hit" on a fellow prisoner. R&R at 2–3 (citing Compl. at PageID.7–10, 12). The alleged false documents include a Special Problem Offender Notice (SPON) that was placed in Kitchen's prison file. Id. at 3 (citing Compl. at PageID.12). Kitchen further alleges that the Defendants widely disseminated the false accusations and that the Oakland County Defendants included the accusations in a response brief filed in state court. Id. at 2–3 (citing Compl. at PageID.9–10, 12).

Kitchen alleges that, "as a direct and proximate result of the actions" of the Defendants, he was terminated from his work assignment, denied transfer to a level II prison, and delayed in enrolling at Mott Community College. Id. at 3 (citing Compl. at PageID.15). He claims retaliation in violation of the First Amendment, an equal protection violation, racial intimidation, defamation, and slander. Id.

The Oakland County Defendants filed a motion to dismiss, arguing both that they are entitled to absolute immunity and that Kitchen's allegations are insufficiently specific to state a claim against them. The magistrate judge agreed on both grounds and recommended that the Court grant the motion to dismiss.

The MDOC Defendants also filed a motion to dismiss, arguing that Kitchen failed to allege sufficient facts against them to state a plausible claim to relief. The magistrate judge agreed and recommended that the Court grant that motion, as well. Because he recommends the Court grant the motions to dismiss as to all federal claims, he also recommended the Court dismiss without prejudice Kitchen's state-law claims.

Kitchen filed four objections, and the MDOC Defendants filed a response. For the reasons that follow, the Court adopts the R&R.

## II. ANALYSIS

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified).

The Court first addresses the objections that pertain to the motion to dismiss filed by the MDOC Defendants and then turns to the objections that pertain to the motion to dismiss filed by the Oakland County Defendants.

### A. MDOC Defendants

Kitchen's first and fourth objections pertain to the MDOC Defendants.

Kitchen's first objection is that the magistrate judge mischaracterized his allegations

3

regarding a meeting between the Oakland County and MDOC Defendants. Obj. at 3. Kitchen states that his complaint alleged that the two groups of Defendants met to "intentionally 'create' a document or report that falsely alleged that Kitchen was involved in an altercation with prisoner Mitchell" after the Oakland County Defendants became aware of Kitchen's allegations of racial bias against a state court judge, while the magistrate judge said only that "sometime in 2019 and between April and August of 2022, Oakland County Defendants allegedly contacted MDOC Defendants for information about an altercation involving Plaintiff and fellow prisoner James Mitchell." Obj. at 3–4 (citing R&R at 2).

But as the MDOC Defendants point out in their response, Kitchen's disagreement with the R&R's summary of facts has no bearing on the finding that Kitchen failed to sufficiently allege facts to support his claims. MDOC Def. Resp. at 2–3. The additional details that Kitchen argues were missing from the magistrate judge's summary of his allegations remain insufficient to state a claim against the Defendants.

Kitchen's fourth objection includes three subparts objecting to the magistrate judge's findings regarding Kitchen's claims against the MDOC Defendants. See Obj. at 11–20. The Court finds none of them persuasive.

First, Kitchen objects to the magistrate judge's finding that Kitchen's complaint constitutes an impermissible group pleading as to the MDOC Defendants. See Obj. at 11–13. The Court overrules this objection, as it agrees with the magistrate judge that Kitchen's complaint does not sufficiently identify the personal involvement of each Defendant regarding the violations he alleges. While it is true, as Kitchen argues, that he identifies the MDOC Defendants by name, he does not distinguish them or specify each Defendant's specific personal involvement. The Court agrees with the magistrate judge that Kitchen's complaint falls short of the pleading requirements

4

of Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), as detailed by the Sixth Circuit in Marcilis v. Twp. of Redford, 693 F.3d 589, 596 (6th Cir. 2012).

Second, Kitchen objects to the magistrate judge's recommendation that the Court should dismiss his First Amendment retaliation claim, arguing that the magistrate judge erred in (i) analyzing the claim "on its merits" as opposed to "under the standard of failing to meet the pleading requirement," (ii) finding that Kitchen did not meet the adverse action and causation requirement, and (iii) refusing to accept as true certain of Kitchen's allegations. See Obj. at 14–19. The Court finds that the magistrate judge analyzed the claim under the appropriate standard, reviewing the facts alleged in light of the elements of a First Amendment retaliation claim and correctly finding that they were insufficient to plead the claim.

The Court also agrees with the magistrate judge that Kitchen failed to allege the adverse action and causation elements of his claim. Kitchen claims that the SPON constitutes adverse action, but the R&R thoroughly addressed and rejected Kitchen's contention. R&R at 16–18. No facts are alleged that would show how that action would deter anyone from engaging in protected conduct. Although Kitchen claimed he lost a particular job and lost a transfer opportunity to another facility, the magistrate judge cited several cases rejecting the notion that loss of a prison job or transfer or educational programs constitute adverse actions that would support a retaliation claim. R&R at 17 (citing Hodge v. Renfrow, No. 19-cv-35, 2019 WL 3997697, at *5 (W.D. Ky. Aug. 22, 2019); Jewell v. Leroux, 20 F. App'x 375, 378 (6th Cir. 2001); Saadalla v. Beardslee, 2007 WL 4465255, at *3 (W.D. Mich. Dec. 13, 2007)).

The R&R properly found the causation element lacking. Kitchen alleges causation, but alleges no actual details providing a causal link to an actionable retaliatory motive. As the magistrate judge points out, Kitchen has not alleged that the MDOC Defendants were aware of his

5

post-conviction proceedings or allegations against the state court judge. R&R at 18. And while Kitchen does allege that the MDOC Defendants were acting in retaliation for his refusal to help Mitchell, declining to help a prisoner is not protected conduct. Id.

Third, Kitchen objects to the magistrate judge's finding that he did not state a claim under the Fourteenth Amendment's Equal Protection Clause. Id. at 19–20. He argues that the magistrate judge erred in (i) asserting a defense on behalf of the MDOC Defendants that they did not assert themselves, (ii) refusing to permit Kitchen to amend the complaint, and (iii) finding that the allegations were insufficient to allege an equal protection violation. Id.

The Court overrules this objection. First, it is appropriate, as the magistrate judge explained, for a court to dismiss actions that fail to state a claim on which relief can be granted, regardless of whether all applicable defenses were raised by a defendant. See R&R at 10 n.1 (citing 28 U.S.C. § 1915(e) and 42 U.S.C. § 1997(e)). Second, an objection to the magistrate judge's decision to deny Kitchen an opportunity to amend his complaint in a prior order, see 7/22/24 Order (Dkt. 40), is not an objection to this R&R, and therefore, the Court will not consider it. Finally, the Court agrees with the magistrate judge that Kitchen's allegations were insufficient to allege an equal protection violation. In order to state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated person and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." Ctr. For Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 379 (6th Cir. 2011) (punctuation modified). While Kitchen alleges that the motivation for the actions of the Defendants was his race, he provides no facts indicating that he was treated differently as compared to any similarly-situated person. His argument that his

6

amended complaint contained such allegations is unpersuasive, as his motion to amend his complaint was denied, and therefore, the amended complaint is not before the Court.

The Court finds that Kitchen's objections pertaining to the MDOC Defendants are unpersuasive. It adopts the magistrate judge's recommendation as to the motion to dismiss filed by the MDOC Defendants and grants the motion.

### B. Oakland County Defendants

Kitchen's first, second, and third objections pertain to the Oakland County Defendants. The Court's reasoning for overruling the first objection as to the MDOC Defendants applies equally in the case of the Oakland County Defendants, so it will now only address the second and third objections.

Kitchen's second objection is that the magistrate judge mischaracterized his claims against the Oakland County Defendants. Obj. at 5–6. In addition to the allegations listed by the magistrate judge in the R&R—(i) filing false information in the response brief in state court and (ii) creating and disseminating the false statements in the SPON throughout the MDOC—he argues that his claims against the Oakland County Defendants also included (iii) meeting with the MDOC Defendants to plan and create the false SPON and (iv) the creation and dissemination of false transfer claims.

Kitchen does not explain how the magistrate judge's inclusion of these additional details would have affected the recommendation on his claims against the Oakland County Defendants. The magistrate judge recommended granting the motion to dismiss filed by the Oakland County Defendants because (i) they are entitled to prosecutorial immunity, and (ii) Kitchen's allegations against them were insufficiently specific to state a claim upon which relief could be granted. R&R at 5–12. The Court does not see how those findings could be affected by this second objection.

7

Kitchen's third objection is that the magistrate judge erred in recommending that the Court dismiss the claims against the Oakland County Defendants under the reasoning of absolute immunity and that the claims were too conclusory. Obj. at 7–11. The Court overrules the objection.

As the magistrate judge explains, "prosecutors are entitled to absolute immunity on claims for monetary damages under § 1983 for conduct intimately associated with the judicial phase of the criminal process." R&R at 6 (citing Imbler v. Pachtman, 424 US 409, 430 (1976)). The Court finds that the Oakland County Defendants have absolute immunity as to any claims against them based on court-related conduct. Therefore, Kitchen's allegations against them regarding the filing of the brief in court are appropriately dismissed due to absolute immunity. Kitchen's objection states that the magistrate judge erred in stating that Kitchen's postconviction motion was premised on "youthful propensity and immaturity," arguing instead that the postconviction motion was premised upon the trial court's failure to consider Kitchen's youth as a mitigating factor. Obj. at 7. The Court does not see, and Kitchen does not explain, how this alleged discrepancy would affect the Court's immunity finding.

Regarding allegations against the Oakland County Defendants involving non-court-related conduct, the Court agrees with the magistrate judge that the allegations against the Defendants were insufficiently specific. Kitchen objects specifically to this conclusion as it relates to his allegations regarding the meeting the Oakland County Defendants had with the MDOC Defendants. Id. at 8–10. In finding the conspiracy claim based on this meeting to be insufficiently specific, the magistrate judge stated that the complaint "does not allege when conversations occurred between Oakland County and MDOC Defendants, the content of those conversations, how Oakland County Defendants disseminated the false statements beyond what was included in

8

the response brief (and the impact of those unspecific instances of dissemination), or any other supporting facts necessary to raise the claim that it is plausible on its face." R&R at 11.

Kitchen insists that his complaint did provide this information. Obj. at 8–9. On review of the complaint, the Court agrees with the magistrate judge that sufficient detail was not provided. Kitchen states that the meetings happened "in or about 2019 as well as between April 2022 and August 2022," during which the Oakland County Defendants "helped [the MDOC Defendants] create and/or were made aware" of the false SPON. Compl. at PageID.7–8. He also alleges that all Defendants "generated or disseminated, and/or caused the generation or dissemination of" the false accusations "throughout the MDOC and OCPO . . . as well as . . . amongst court personnel and citizens in Pontiac, Michigan, and in other surrounding counties and cities." Id. at PageID.9. These allegations are insufficiently specific, especially because, as explained above, Kitchen alleges no personal involvement on behalf of any single Defendant—all allegations are brought against either the MDOC Defendants, as a group, the Oakland County Defendants, as a group, or all of the Defendants together.

Kitchen further argues that the magistrate judge used the wrong standard in evaluating the motions to dismiss. He argues that case law dictates that, "[s]o long as the complaint puts the Defendants on notice of what specific conduct is being challenged, the complaint must survive a motion to dismiss." Obj. at 9. The Court does not disagree with this statement as a general proposition; rather, it disagrees that Kitchen's allegations adequately put Defendants on notice.

Finaly, at the end of his third objection, Kitchen repeats his objection that the magistrate judge erred in failing to discuss "the retaliation claim for planning and creating at a meeting the false information in the SPON and the false transfer claims." Obj. at 10. The Court finds that these allegations were sufficiently addressed by the R&R in its discussion of both the conspiracy

9

claim and the impermissible group pleading.  See R&R at 10–14.

### III.  CONCLUSION

For the reasons stated above, the Court: (i) adopts the recommendation in the R&R, and (ii) grants both motions to dismiss (Dkt. 14, 36).  The Court dismisses Kitchen's state-law claims without prejudice.

SO ORDERED.

Dated: September 26, 2024　　　　　　　　　　s/ Mark A. Goldsmith
　　　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge